CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 19, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Danny Ray Perkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 7:25-cv-00833 |
| v. | ) | |
| | ) | |
| Wexford Health Sources, Inc. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Danny Ray Perkins, a Virginia inmate acting *pro se*, brought this action under 42 U.S.C. § 1983. Perkins alleges claims for deliberate indifference to serious medical needs arising from a cardiac event that occurred when he was an inmate at the Western Virginia Regional Jail ("WVRJ") (*See* Am. Compl. (Dkt. 9).) One of the Defendants, Wexford Health Sources, Inc. ("Wexford"), moved to dismiss for failure to state a claim. (Dkt. 25; Wexford's Br. in Supp. of Mot. to Dismiss (Dkt. 26).) Perkins filed a response to the motion. (Pl.'s Br. in Opp'n to Mot. to Dismiss (Dkt. 29).)

For the following reasons, the court will grant Wexford's motion.

### I. Background

Perkins originally filed this action on November 19, 2025, then filed an amended complaint on February 23, 2026. (Compl. (Dkt. 1); Am. Compl. (Dkt. 9).) In his amended complaint, Perkins alleges claims against Wexford, Roanoke Memorial Hospital, Richard

Haynes, Craig Childers, Matthew McCoy, and "Nurse Janice". (Am. Compl. at 3–5.) Roanoke Memorial Hospital has not been served, and Nurse Janice has not been identified for service. (*See* Dkts. 37, 40, 42.) The court assumes that well-pleaded factual allegations in the amended complaint are true for purposes of evaluating the pending motion to dismiss. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

Perkins alleges that on May 1, 2025, at approximately 3:00 p.m., he returned to his cell in the C-4 pod. (Am. Compl. at 6.) Perkins brought another inmate a cup of coffee. (*Id.*) Perkins then remembers waking up laying on the floor of his cell. Officer McCoy was standing over him and Nurse Janice and paramedics were to his right. (*Id.*) Perkins was soaked in water from head to toe, was laying in about an inch of water, and could not hear for a minute. (*Id.*) Perkins attempted to raise his head and sit up, but he noticed that his chest was bright red and bleeding. (*Id.*) Perkins "became overwhelmed with burning, throbbing, shooting pains from shoulder to shoulder inside (his) chest." (*Id.*) Officer McCoy told paramedics that Perkins was down for approximately 15 minutes. (*Id.*) Inmates had been doing CPR until McCoy and Nurse Janice took over. (*Id.* at 7.) Officer McCoy told a paramedic that they administered Narcan. (*Id.*)

Next, a paramedic asked Officer McCoy and Nurse Janice what had happened to Perkins' chest. (*Id.*) They stated that an AED was applied. When the paramedic asked if it activated, and a female voice, assumed by Perkins to be Nurse Janice, said that it did. (*Id.*) Officer McCoy told the paramedic that inmates dumped water on Perkins trying to wake him up. (*Id.*) The paramedic said that Perkins suffered an AED burn from the pads because his chest was wet. (*Id.*)

As this occurred, Officer McCoy asked Perkins what drugs he had taken and where they were. Perkins replied that he had not taken any drugs. Instead, Perkins said that he had just returned to his cell after getting a haircut and taking a shower. (*Id.*) After several minutes, Perkins was escorted down the steps, placed on a stretcher, taken to a sally port, and loaded into an ambulance. (*Id.*) Captain Hayes accused Perkins of possessing and distributing drugs. Captain Hayes told Perkins that he would be "charged with murder if someone dies." (*Id.* at 8.)

Perkins was taken to the emergency room at Roanoke Memorial Hospital and was seen by a physician. (*Id.*) The doctor said that Perkins suffered a cardiac event, had pneumonia in both lungs, and a severe burn from the AED. Perkins was admitted to the Intensive Care Unit, where he was treated for the burn and stayed there until May 6, 2025. (*Id.*) The doctor told Perkins that pneumonia was the "leading cause of me suffering a heart attack." (*Id.*)

Perkins seeks damages, including $750,000 from "Wexford and Nurse Janice for the[ir] role in the pain and suffering I endured [due] to the[ir] negligence." (*Id.* at 10.)

## II. Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In making this evaluation, the court accepts all well-pled facts as true, but it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III. Analysis

To state an actionable § 1983 claim, Perkins must demonstrate that: (1) he suffered a deprivation of a "right secured by the Constitution and laws of the United States"; and (2) the act or omission causing the deprivation was "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The court construes Perkins' amended complaint as alleging a cause of action under § 1983 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[1]

Wexford argues that Perkins' claim against it should be dismissed because he does not allege injury resulting from an official policy or custom. "[A] private corporation is liable

[1] For purposes of the pending motion to dismiss, the court accepts as true Perkins' allegation that he was a convicted and sentenced state prisoner (Am. Compl. at 3) when he was injured at WVRJ. *See Caldwell v. Ballard*, Civil Action No. 7:25-cv-00818, 2026 WL 2935406, at *2 (W.D. Va. Sep. 30, 2026) (explaining that claims by a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, and the claims of a convicted prisoner are brought under the Eighth Amendment).

under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original). This is the same standard that applies to municipalities under *Monell v. Department of Social Servsices of the City of New York*, 436 U.S. 658 (1978). *See Efird v. Page*, Case No. 1:24CV332, 2026 WL 2943117, at *7 (M.D.N.C. Sep. 30, 2026); *Michael v. Givens*, Case No. 2:24-cv-00064, 2025 WL 815979, at *6 (S.D.W. Va. Feb. 24, 2025) ("As noted by Wexford's motion to dismiss, the liability of a private corporation under § 1983 is analogous to municipal liability as set forth in [*Monell*]. . . .).

At this pleading stage, Perkins is required to allege facts to plausibly support "a direct causal link between a policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Perkins argues that he can establish an official policy or custom because Wexford "has numerous claims against them, that have settled, or are waiting to be ruled on." (Pl.'s Br. at 2.) But this vague reference to other lawsuits or claims is not sufficient to state a claim premised on an official policy or custom. *See, e.g.*, *Crawford v. Daniels*,Civil Action No. 2:23-cv-00585, 2024 WL 1895105, at *7 n.10 (S.D.W. Va. Apr. 30, 2024) (explaining that a "passing reference to an isolated lawsuit in which no liability was established or admitted is hardly sufficient to support . . . a *Monell* claim, and it certainly does not satisfy the pleading requirements of *Twombly* and *Iqbal*" (citation omitted)). Also, Perkins does not reference these other claims in his amended complaint, and he cannot amend his pleadings through briefing in opposition to a motion to dismiss. *See Jones v. Helton*, Civil Action No. 7:25-cv-00438, 2026 WL 706263, at *2 n.2 (W.D. Va. Mar. 12, 2026) (explaining that it is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to

dismiss" (citation omitted)). Ultimately, the court agrees that Perkins has not pled sufficient facts which, if true, establish the existence of a corporate policy or custom that caused him injury or deprived him of his rights. *See Michael*, 2025 WL 815979, at *6. Thus, the court will grant the motion to dismiss Perkins' claim against Wexford.

## IV. Conclusion and Order

For the reasons stated in this opinion, it is **ORDERED** that Wexford's motion to dismiss (Dkt. 25) is **GRANTED**. The Clerk is directed to **TERMINATE** Wexford as a Defendant in this action.

The Clerk is directed to send a copy of this order to Perkins and to counsel for Defendants.

**IT IS SO ORDERED.**

**ENTERED** this 19th day of November, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE